```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
   ANNA ARTEAGA,                                            :
                                                            :   MEMORANDUM OPINION
                                       Plaintiff,           :
                                                            :   17-cv-5256 (BMC)
                   - against -                              :
                                                            :
   COMMISSIONER OF SOCIAL SECURITY,                         :
                                                            :
                                       Defendant.           :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff's counsel moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b), following a remand by this Court for an additional administrative hearing at which plaintiff received an award of disability benefits (although for a shorter period of disability than that which she had originally sought). The Court granted the motion with opinion to follow. This is that opinion.

Section 406(b)(1) of the Social Security Act ("SSA") provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1). An award under § 406(b) requires satisfaction of three elements: (1) a judgment in favor of the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits awarded to the claimant. See id. The Second Circuit has held that, subject to the 25% limitation, a court may enforce a contingent fee arrangement in a social security disability case unless the court finds it to be otherwise unreasonable. Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)

(citing McGuire v. Sullivan, 873 F.2d 974, 981 (7th Cir. 1989)). In determining whether an award under Section 406(b) is reasonable, courts have considered numerous factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case. See Wells, 907 F.2d at 371–72; Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005).

Plaintiff effectively seeks the entire amount withheld by the Commissioner, $24,351.63, which is 25% of plaintiff's past due benefits. This would constitute payment for 27.20 hours of legal services rendered for the proceedings in this Court. That comes to a notional hourly rate of $895 before credit for the Equal Access to Justice Act fees already received.

The Commissioner, in performance of her role akin to that of a trustee, see Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002), points out that many cases in this district have found notional hourly rates that high to constitute a windfall and have reduced them to the range of $500–$700 per hour, see e.g., Morales v. Commissioner, No. 18-cv-6906, 2021 WL 3409166 (E.D.N.Y. Aug. 4, 2021) (reducing notional rate from about $900 per hour to $550 per hour). On the other hand, as the Commissioner also acknowledges and as plaintiff confirms, there are many cases in this district that have approved notional hourly rates around the rate that would be recovered here. See e.g. Mills v. Berryhill, No. 15-cv-5502, 2019 WL 1507923, at *2 (E.D.N.Y. April 5, 2019) (approving an hourly rate of $1,000.78). The Commissioner is not advocating for a reduction in fees, as that is not her role, but she appropriately suggests that the Court should consider whether the recovery sought here would be a windfall.

2

As the Supreme Court suggested in Gisbrecht, 535 U.S. at 802–08, singular focus on notional hourly rates can lead to distorted results. Notional rates do not take into account that because fees in these disability cases are only awarded if plaintiff receives benefits, then, just like other areas of the law where fees are contingent on success, there will be many cases where the attorneys receive no fees. In addition, although the 27.2 hours that counsel expended here was well within the range of reasonable hours for a routine disability review case like this, see Padua v. Colvin, 602 F. App'x 25, 28 (2d Cir. 2015); Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014), 40 hours in this case, considering the high quality of plaintiff's submissions, would not have been unreasonable either. Yet if plaintiff's counsel had spent 40 hours instead of 27.2 hours, the notional hourly rate would be about $609 per hour, within the range of often-allowed notional rates noted by the Commissioner. We certainly do not want to discourage efficiency or encourage inefficiency.

Accordingly, although the Court appreciates the Commissioner having brought the windfall issue to its attention, the Court concludes that the amount of fees requested is fair and reasonable.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       November 13, 2021

3